THALMANN et al. v. IMPORTERS' & TRADERS' NAT. BANK OF NEW YORK et al.

(Supreme Court, Appellate Division, First Department. November 10, 1905.)

MONEY LENT—EVIDENCE.

> That a bank received the proceeds of a loan by a third person to its debtor, made on the security of invalid bonds which it had delivered to such debtor, does not render it liable to the person making the loan, in the absence of evidence that its officers knew the amount received was part of such a loan, that the bonds had been deposited as security therefor, or that the bank had delivered the bonds for the purpose of having its debtor borrow money on them.

Appeal from Trial Term, New York County.

Action by Ernest Thalmann and others against the Importers' & Traders' National Bank of New York and others to recover a sum alleged to have been loaned by plaintiffs to defendant Schroeter, which it is claimed he paid to defendant bank. From a judgment dismissing the complaint at the close of the trial, plaintiffs appeal. Affirmed.

See 77 N. Y. Supp. 586.

Argued before O'BRIEN, P. J., and PATTERSON, INGRA-HAM, McLAUGHLIN, and CLARKE, JJ.

J. Markham Marshall, for appellants.
Delos McCurdy, for respondents.

McLAUGHLIN, J.  We have carefully examined this record, and are entirely satisfied with the ruling made by the learned trial justice in dismissing the complaint.  The plaintiffs failed to prove the allegations of their complaint, or to offer any evidence which would have justified a finding that the defendant bank or any of its officers, including Townsend, had any connection with the plaintiffs or were responsible in any way for the loan which they made to Schroeter on the Virginia bonds, or that any representations were made, either by any of the officers of the bank or Townsend as to the validity of the bonds put up as collateral security for the payment of the loan.  Indeed, there was no evidence that Schroeter ever made any representation to the plaintiffs upon which they relied in making the loan.  The negotiations for the loan were not made by Schroeter, but by one Loeb, a broker, and the $16,000 in bonds which was put up at the time the agreement for the loan was consummated was never in the possession of the bank and was obtained by Schroeter from a safe deposit box.  The plaintiffs satisfied themselves as to the validity of the bonds and their value from information derived, not from the defendant bank or any of its officers, but from others.  When these bonds were put up, $10,000 was paid on account of the loan; the same being made out in two checks, of $5,000 each, one of which was made payable to the defendant bank.  There was no evidence that, when this check was delivered to the bank, it or any of its officers knew it was a part of a loan made by the plaintiffs to Schroeter, or that he had deposited with them any bonds for the security of a loan.  Nor was there any evidence to justify a finding that when the $45,000 in bonds was delivered to Schroeter it was for the purpose of having him borrow money on them.  On the contrary, the evidence shows that there was no understanding, or even a suggestion, made by any one connected with the bank as to what Schroeter might, could, or should subsequently do with the bonds, or any of them.  In short, plaintiffs failed to establish any facts upon which liability on the part of the bank or Townsend could be legally predicated.  The motion to dismiss the complaint, therefore, was properly granted.

The judgment and order appealed from must be affirmed, with costs.  All concur.